

U.S. Department of Justice

*William D. Weinreb*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 13, 2017

R. Bradford Bailey, Esq.
Adamo Lanza, Esq.
Brad Bailey Law, P.C.
10 Winthrop Square, 4th floor
Boston, MA 02210

Re:   United States v. Scot B. Letourneau
      Criminal No. 15-CR-10156-DJC and
      Criminal No. 17-CR-2142-MV (Rule 20 Transfer from District of New Mexico)

Dear Attorneys Bailey and Lanza:

The Acting United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Scot B. Letourneau ("Defendant"), agree as follows with respect to the above-referenced cases:

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in:

District of Massachusetts Criminal No. 15-CR-10156-DJC:   Distribution of Child Pornography, in violation of 18 U.S.C § 2252A(a)(2)(A) and (b)(1), and Possession of Child Pornography, in violation of 18 U.S.C § 2252A(a)(5)(B) and (b)(2); and

District of New Mexico Criminal No. 17-CR-2142-MV:  Failure to Register as a Sex Offender, in violation of 18 U.S.C. §2250(a).  Defendant expressly and unequivocally admits that he committed the crimes charged in these cases and counts, did so knowingly, and is in fact guilty of those offenses.  Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in District of New Mexico Criminal No. 17-CR-2142-MV.

2.    <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties on each count of District of Massachusetts Criminal No. 15-CR-10156-DJC:

Count One, Distribution of Child Pornography: incarceration for a mandatory minimum period of 15 years and a maximum of life; supervised release for a mandatory minimum period of 5 years and a maximum of 40 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Count Two, Possession of Child Pornography: incarceration for a mandatory minimum period of 10 years and a maximum of 20 years; supervised release for a mandatory minimum period of 5 years and a maximum of life; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Defendant faces the following maximum penalties on the count alleged in District of New Mexico Criminal No. 17-CR-2142-MV:

Failure to Register as a Sex Offender: incarceration for a maximum period of 10 years; supervised release for a mandatory minimum period of 5 years and a maximum of life; a fine of $250,000; and a mandatory special assessment of $100.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. §2250.

3.    <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges

that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4.  Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- the counts of District of Massachusetts Criminal No. 15-CR-10156-DJC are grouped together, Group One, per USSG § 3D1.2(d); and the one count of District of New Mexico Criminal No. 17-CR-2142-MV, is a separate group, Group Two, per USSG § 3D1.2(b);

- the adjusted offense level applicable to Group One is 40, pursuant to USSG § 2G2.2(a)(2), as Defendant's base offense level is 22 and that base offense level is increased by a total of 18 levels in accordance with USSG §§ 2G2.2(b)(2), 2G2.2(b)(3)(B), 2G2.2(b)(4), 2G2.2(b)(6), and 2G2.2(b)(7)(D);

- the adjusted offense level applicable to Group Two, 14, pursuant to USSG § 2A3.5(a)(2), does not affect the combined adjusted offense level of Group One, pursuant to USSG § 3D1.4(c) as Group Two is 9 or more levels less serious than Group One; and

- in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

3

 (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

 (d)  Fails to provide truthful information about Defendant's financial status;

 (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

 (f)  Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

 (g)  Intentionally fails to appear in Court or violates any condition of release;

 (h)  Commits a crime;

 (i)  Transfers any asset protected under any provision of this Plea Agreement; or

 (j)  Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

 (a)  Counts one and two of District of Massachusetts Criminal No. 15-CR-10156-DJC, incarceration for 192 months; and on District of New Mexico Criminal No. 17-CR-2142-MV, incarceration for 12 months to run concurrently with Count one of District of Massachusetts Criminal No. 15-CR-10156-DJC;

 (b)  a fine of $2,000;

 (c)  60 months of supervised release;

 (d)  a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

 (e)  restitution to be determined by the Court at sentencing; and

4

  (f) forfeiture as set forth in Paragraph 8.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

  (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 1,000;

  (b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $ 1,000 per month; and

  (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing are satisfied in full.

7. <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

  (a) Defendant has conferred with his attorney and understands that he has the right to challenge his convictions in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his convictions in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's convictions on direct appeal or in any future proceeding (collateral or otherwise).

  (b) Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to terms and conditions of supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant

5

waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that he will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

8. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence in Criminal No.15-CR-10156-DJC, and that the order of forfeiture may include assets directly traceable to Defendant's offenses, assets used to facilitate Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

The assets to be forfeited specifically include computers and electronic devices, including cell phone(s), and other items, seized from Defendant's residence on or about May 21, 2015, or obtained by consent from Defendant's employer, including, the following:

a. iPhone 5c, bearing serial number FCC ID: BDG-E2644A, IMEI: 35853;
b. Acer Aspire 5552, bearing serial number LXR440217310338CF61601;
c. Sony MicroVault;
d. G.Skill Micro SD XC, bearing serial number GS48LCAQ142010; and
e. Seagate Barracuda ST31000528AS, bearing serial number 5VP4RL6W;

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; and/or any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and/or any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

The United States agrees to return to the Defendant or the Defendant's employer, the following seized property, which is not being forfeited: Kingston Data Traveler; SIM cards; iPad, 1460, bearing serial number DMPK20DTF18W; fourteen optical discs; iPod, A1059, bearing serial number 4U446HEWPS9; Lexar USB flashdrive; Western Digital My Passport, bearing serial number WXF1A3188094; HP Chromebook 14-q063cl, serial number 6CC34B4CY6; and Maxtor DiamondMax 10, bearing serial number L504DQTH, in Venus DS3 Enclosure, bearing serial number 050436B1011. As to these items, the Defendant hereby waives any and all claims arising from or relating to the seizure, detention, and return of the property.

9.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

10.    Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

11.    Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

12.    Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

8

13. <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Modifications to Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Suzanne Sullivan Jacobus.

Very truly yours,

WILLIAM D. WEINREB
Acting United States Attorney

By: _____
LORI J. HOLIK
Chief, Major Crimes Unit
ROBERT E. RICHARDSON
Deputy Chief, Major Crimes Unit

_____
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts for both cases listed on page one; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve these cases. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my cases. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

_____
Scot B. Letourneau
Defendant

Date: 11/20/17

I certify that Scot B. Letourneau has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly in both cases. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
R. Bradford Bailey
Adamo Lanza
Attorneys for Defendant

Date: 11/20/17

10